O

# United States District Court
# Central District of California

| | |
|---|---|
| ZIPSHADE INDUSTRIAL (B.V.I.) CORP., <br><br>     Plaintiff, <br><br>     v. <br><br> LOWE'S HOME CENTERS, LLC.; WHOLE SPACE INDUSTRIES LTD; and DOES 1–10, inclusive, <br><br>     Defendants. | Case № 2:14-cv-05934-ODW(RZx) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO STAY [83]** |

Defendants Lowe's Home Centers, LLC ("Lowe's") and Whole Space Industries, Ltd. ("Whole Space" and collectively "Defendants") move to stay this case until the United States Patent and Trademark Office ("PTO") and its Patent Trial and Appeal Board ("PTAB") has completed its review of Whole Space's petition for *inter partes review* ("IPR") of U.S. Patent No. 8,245,756 ("the '756 Patent). For the reasons discussed below, the Court **DENIES** Defendant's Motion to Stay.[1] (ECF No. 83.)

On July 29, 2014, Plaintiff Zipshade Industrial (B.V.I.) Corp. ("Zipshade") filed suit in this Court against Defendants for infringing the '756 Patent. (ECF No. 1.) On

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

February 23, 2015, the parties stipulated to a stay pending the outcome of a prior IPR petition (IPR2015-00488) filed by Whole Space. (ECF No. 76.) The Court granted the stipulation and stayed the case on February 24, 2015. (ECF No. 81.) The PTAB denied instituting the petition on July 24, 2015. (*See* Mot. Ex. A.) In response, Whole Space submitted a new IPR petition which was granted a filing date of August 4, 2015 and assigned case number IPR2015-01632. (*See* Mot. Exs. B, C.) Defendants now move to continue staying the case in light of the new IPR petition. (ECF No. 83.)

Section 18 of the AIA identifies four factors that a district court should consider when deciding whether to grant a stay: (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court. AIA, Pub. L. 112-29, § 18(b)(1), 125 Stat. 284, 331 (2011).

The Court finds that a stay is not warranted under the totality of the circumstances. As an initial matter, the Court has already stayed the case for the prior IPR petition, which the PTAB declined to institute. Defendants assure the Court that the new petition addresses the deficiencies in the prior petition (Mot. 2–3), but the Court is skeptical. At this point the Court can only speculate as to whether the PTAB will grant review of the new petition and, even if it does, to what extent the review will encompass the claims at issue in this case. Based on the speculative nature of Defendant's petition, this Court is unable to ascertain whether issues will be simplified. In addition, the speculative nature of the petition also limits this Court's consideration of whether the parties would be prejudiced. Likewise, this Court is unable to determine whether the burden of litigation will be reduced. Further, Zipshade's ability to enforce its patent rights has already been delayed by the first stay. An institution decision could take up to six months from the petition filing date

and then, only if instituted, a final determination would issue at the earliest a year later.  37 C.F.R. §§ 42.108, 42.100.  Assuming that Zipshade files a preliminary response, the likely projected date by which the Patent Office will decide whether to institute the new petition is sometime in February 2016, making the earliest date of a final determination approximately February 2017.  The Court can adjudicate Zipshade's claims long before the completion of any PTAB review, assuming the PTAB even choses to institute the new petition.

Therefore, the Court agrees with other courts that have held that the stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition has been filed in the PTO.  *See Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-CV-1727-ORL-37, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013) (stay "not warranted when based on nothing more than the fact that a petition for inter partes review was filed in the USPTO"); *see also Ultratec, Inc. v. Sorenson Commc'ns, Inc*., No. 13-cv-346-BBC, 2013 WL 6044407, at *3 (W.D. Wis. Nov. 14, 2013) ("[T]he fact that the Patent Office has not yet granted the petitions to review the nine patents adds an additional layer of doubt whether the inter partes review will even occur, let alone whether it will simplify the issues or reduce the burden of litigation for the parties or the court."); *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06–04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007) ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts.  Federal court calendars should not be hijacked in this manner.").

Defendants are advised to re-file this motion, if and when, the new IPR petition is instituted.  The parties shall file a joint proposed schedule by **October 5, 2015**.

**IT IS SO ORDERED.**

September 18, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**